# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LOVE THORNTON, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 19-00247-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On February 7, 2019, Laura Love Thornton ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on May 14, 2019. (Dkt. 14.) On September 20, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 20.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 54 year-old female who applied for Social Security Disability Insurance benefits on September 10, 2015, alleging disability beginning April 14, 2015. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 14, 2015, the alleged onset date. (AR 17.)

Plaintiff's claim was denied initially on November 14, 2015 and on reconsideration on February 19, 2016. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John Kays on March 14, 2018 in Orange, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Medical expert ("ME") Arnold Ostrow, M.D. and vocational expert ("VE") Jeanine Metildi also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on April 3, 2018. (AR 15-25.) The Appeals Council denied review on January 11, 2019. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ has properly considered the relevant medical evidence of record in assessing Plaintiff's residual functional capacity.
2. Whether the ALJ has properly considered Plaintiff's subjective statements of record and testimony under oath regarding her impairments, symptoms, and limitations in assessing Plaintiff's residual functional capacity.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 14, 2015, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: obesity; fibromyalgia; atrial fibrillation; and chronic fatigue syndrome. (AR 17-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant can lift no more than 10 pounds occasionally and 5 pounds frequently; she can stand and walk for no more than 6 hours; she can sit for no more than 6 hours; upper and lower extremities are without limitation; bending, stooping, kneeling, crouching, and crawling can be performed no more than occasionally; she is precluded from using ladders, ropes, or scaffolding; she is precluded from working at unprotected heights and around heavy and fast moving machinery or other dangerous equipment.

(AR 19-23.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a travel clerk. (AR 23-24.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 24-25.)

## DISCUSSION

The ALJ decision is affirmed. The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ properly formulated Plaintiff's RFC.

# I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

## A. The ALJ Properly Considered The Medical Evidence

Plaintiff contends that the ALJ ignored substantial medical evidence of record in assessing Plaintiff's RFC.

### 1. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

  2. Analysis

Plaintiff alleges that she suffers from depression, panic attacks, chronic fatigue, fibromyalgia, atrial fibrillation, iron deficiency anemia, plantar fasciitis, generalized body pain, and tiredness as a side effect of medications. (AR 20.) The ALJ did find that Plaintiff has the medically determinable severe impairments of obesity, fibromyalgia, atrial fibrillation, and chronic fatigue syndrome ("CFS"). (AR 17.) Notwithstanding these impairments, the ALJ also assessed Plaintiff with a reduced range of light work RFC (AR 19) and therefore found that she was not disabled. (AR 24.)

Medical treatment records indicate that Plaintiff's atrial fibrillation was treated with medication in August 2015 (AR 20-21), and she denied any current cardiac issues in 2016. (AR 22.) She was treated for acute mid-back pain in June 2016 but was entirely normal one week later. (AR 22.) She was treated with iron infusions which improved her anemia. (AR 22.) Physical examinations in 2015 and later were normal. (AR 21.) There has been no current treatment for any impairment. (AR 23.) The last documented treatment was in October 2017. (AR 23.)

The testifying expert, Dr. Arnold Ostrow, diagnosed obesity, fibromyalgia, atrial fibrillation, and CFS. (AR 21.) Dr. Ostrow opined that Plaintiff could perform a reduced range of light work. (AR 21.) Plaintiff can lift 20 pounds occasionally, and sit, stand and walk 6 hours in an 8-hour workday. (AR 21.) He also found upper and lower extremities without restriction. (AR 21.) Dr. Ostrow added that the RFC he assessed takes into account limitations from fibromyalgia. (AR 21.) The ALJ gave great weight to the opinions of Dr. Ostrow. (AR 21.) Noting that fibromyalgia has to do with "weakness, fatigability and lethargy" (AR 36), the ALJ also gave significant weight to the opinions of State agency consultants who offered similar RFCs to that of Dr. Ostrow. (AR 21.) Further, the ALJ gave great weight to the opinions of State agency psychological consultants that Plaintiff is no more than mildly limited by any mental impairment. (AR 19.) He found that any mental impairment was nonsevere. (AR 18, 19.) Plaintiff did not provide and does not cite to any physician RFC opinions that contradict the medical opinions cited by the ALJ as discussed above.

Plaintiff's primary argument is that the ALJ and the medical expert failed to see that Plaintiff's anemia played a part in her alleged inability to work. Plaintiff, however, relies on medical records diagnosing anemia but not assessing its severity. Mere diagnosis of an impairment is insufficient proof of disability; a claimant must prove an impairment's disabling severity. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993). An impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1522(a). Plaintiff here failed to show that her anemia is a severe impairment causing additional limitations in her ability to perform basic activities. Plaintiff cites to no medical opinion that considered anemia to be a severe impairment. The ALJ, medical expert, and State consulting experts were fully aware of Plaintiff's anemia. (AR 20, 22.) The ALJ found that iron infusions improved Plaintiff's anemia. (AR 22.) There is no medical evidence or medical opinion that Plaintiff's anemia imposed any additional limitations not already captured by the RFC or that it is severe. Even if there was error in not finding the anemia severe at step two, the error would be harmless because step two was resolved in Plaintiff's favor based on other impairments and the ALJ proceeded to step three and four. Lewis v. Astrue, 498 F.3d

909, 911 (9th Cir. 2007) (error as to step two harmless if impairments considered later in sequential analysis); see SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

### B. The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

#### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

        2.        <u>Analysis</u>

In determining Plaintiff's RFC the ALJ concluded that Plaintiff's medically determinable severe impairments reasonably could be expected to cause some of the alleged symptoms. (AR 20.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the objective medical evidence of record which shows Plaintiff is capable of a reduced range of light work. (AR 23.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005.) Here, Dr. Ostrow and State agency medical consultants have concluded that Plaintiff is capable of light work. There are no contrary physician opinions.

Second, medical treatment was generally successful in controlling her symptoms. (AR 22.) She took medications for atrial fibrillation in August 2015 and denied any current cardiac issues in November 2016. (AR 22.) She was treated for acute mid-back pain in June 2016 and soon thereafter was entirely normal. (AR 22.) Iron infusions helped her anemia. (AR 22.) Impairments that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, Plaintiff received only conservative treatment in the form of medications and exercise. (AR 22-23.) An ALJ may consider conservative treatment in evaluating subjective symptom allegations. <u>Tommasetti</u>, 533 F.3d at 1039. Plaintiff received only limited conservative mental health treatment (AR 19), denied being depressed on some visits, felt her depression was due to physical issues, and was not interested in therapy or medications. (AR 23.) Physically, Plaintiff is not receiving treatment for any impairment, as her last documented treatment was in October 2017. (AR 23.)

Fourth, Plaintiff refused to follow treatment recommendations on several occasions. (AR 23.) The failure to seek treatment or follow a prescribed treatment regimen is a legitimate consideration in evaluating credibility. <u>Bunnell</u>, 947 F.2d at 346. She declined a trial of CPAP therapy for sleep apnea. (AR 23.) After complaining of depression, she did not start taking her prescribed psychotropic medications. (AR 23.) She refused to take a stress test or recommended medication for her atrial fibrillation. (AR 23.) She declined therapy or medications for her depression and anxiety. (AR 23.)

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. <u>Andrews</u>, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. <u>Rollins</u>, 261 F.3d at 857; <u>Thomas</u>, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence.

* * *

The ALJ non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 3, 2020

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE